## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RACHAEL A. PAGE, individually and o/b/o others similarly situated<br><br>vs.<br><br>GPB CARS 12, LLC d/b/a NORTH PLAINFIELD NISSAN, NISSAN EXTENDED SERVICES NORTH AMERICA, G.P., and NATION MOTOR CLUB, LLC a/k/a NATION SAFE DRIVERS a/k/a NSD | CIVIL ACTION NO. 3:19-CV-11513-AET-TJB |

---

**DEFENDANT, GPB CARS 12, LLC d/b/a NORTH PLAINFIELD NISSAN'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS**

---

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: _____

JEFFREY C. SOTLAND, ESQUIRE
Attorney for Defendant,  GPB CARS 12, LLC d/b/a
NORTH PLAINFIELD NISSAN
2070 Springdale Road, Suite 400
Cherry Hill, New Jersey 08003
(856) 616-0700

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.........................................................iii

I.  INTRODUCTION...........................................................1-2

II.  ARGUMENT.................................................................2

    A.  The Declaration Attached To The Plaintiff's Opposition To
        The Motion To Dismiss As An Improper Attachment That
        Should Be Disregarded By The Court In Deciding
        The Instant Motion. ...........................................2-4

    B.  Defendant, GPB Cars 12, LLC Did Not Materially Breach
        The Arbitration Agreement And The Matter Must Be
        Compelled To Arbitration ...................................4-9

III.  CONCLUSION.................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

Ashcrosft v. Iqbal, 556 U.S. 662 (2009) .................................................................. 3

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)..................................................... 3

Brown v. Dillard's, Inc., 430 F.3d 1004 (9th Cir. 2005) .......................................... 7

In re Bayside Prison Litig., 190 F.Supp.2d 755 (D.N.J.2002).................................. 3

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir.1997)................. 3

Kurdyla v. Pinkerton Sec., 197 F.R.D. 128 (D.N.J.2000)........................................ 3

Mayer v. Belichick, 605 F.3d 223 (3d Cir. 2010) ..................................................... 3

Pre-Paid Legal Servs., Inc. v. Cahill, 786 F.3d 1287 (10th Cir. 2015).................... 8

Roach v. BM Motoring, LLC, 155 A.3d 985 (2017) ............................................. 5, 6

Sink v. Aden Enterprises, Inc., 352 F.3d 1197 (9th Cir. 2003) ................................ 7

Winer Family Trust v. Queen, 503 F.3d 319 (3d Cir.2007)....................................... 3

**Other Authorities**

Section 241 of the Restatement (Second) of Contracts  (1981)................................. 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 3

Fed. R. Civ. P. 8(a)(2) .............................................................................................. 2

Fed.R.Civ.P. 12(d)..................................................................................................... 3

Defendant GPB Cars 12, LLC d/b/a North Plainfield Nissan ("GPB Cars") submits this Reply Brief in support of its motion to dismiss all of Plaintiff's claims against GPB Cars pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    INTRODUCTION

Plaintiff's opposition confirms that this matter must be compelled to arbitration. The case law cited in the Plaintiff's own brief combined with the facts of this case support a move to arbitration. GPB Cars, in its motion, brief in support thereof, and affidavit has explained to this Court that it never received the Plaintiff's arbitration demand prior to being served the instant lawsuit. As a result, GPB Cars did not advance the fees required under the arbitration agreement in the Retail Order for the sale of the vehicle in this matter. Once made aware of Plaintiff's claims, steps were taken to comply with Plaintiff's arbitration demand.

Plaintiff, in its opposition now argues that GPB Cars non-payment of arbitration fees constitutes a material breach by GPB Cars of the arbitration agreement, rendering it unenforceable. Plaintiff's positon appears to be that GPB Cars' inaction, due to Plaintiff's failure to serve the arbitration demand to GPB Cars proper service address, or what appears to be a clerical error on the mail intake employee at GPB Cars dealership address, constitutes a bad faith and unfair dealing in performance of the arbitration agreement such that

1

it must be rendered unenforceable.  Not only is Plaintiff's argument flawed based upon the very case law cited by Plaintiff, but it is delaying the merits of this matter from being heard and disposed of at arbitration.

As set forth in GPB Cars' moving brief and affidavit, as well as explained further in the forthcoming paragraphs, Plaintiff's claims against GPB Cars must be dismissed and referred to arbitration.

## II.    ARGUMENT

### A.    The Declaration Attached To The Plaintiff's Opposition To The Motion To Dismiss As An Improper Attachment That Should Be Disregarded By The Court In Deciding The Instant Motion.

Plaintiff's Counsel in it's response in opposition to the instant motion improperly attached a declaration and several exhibits which must be disregarded by this Court in deciding the instant motion.

As noted in Defendant's Motion and Brief the standard of review for a motion to dismiss is clear and well settled law.  The focus of the court's review of the motion is the sufficiency of the Plaintiff's complaint, and whether or not it has been properly pleaded pursuant to requirements of the Federal Rules of Civil Procedure and more further explained by relevant case law.  The complaint cannot merely assert, but instead must show, that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2

do not suffice." Ashcrosft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, the complaint "must contain sufficient factual allegations so as to state a facially plausible claim for relief." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citations omitted). "

In considering a Fed.R.Civ.P 12(b)(6) motion to dismiss, a court may consider only the *allegations of the complaint, documents attached or specifically referenced in the complaint* if the claims are based on those documents, and matters of public record. *See* In re Bayside Prison Litig., 190 F.Supp.2d 755, 760 (D.N.J.2002); *See also* Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir.2007). Though, generally, when conducting such an inquiry, material beyond the pleadings should not be considered. *See* In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997). If matters outside the pleadings are presented the court may choose to disregard those matters, or convert the motion to dismiss into a motion for summary judgement. Fed.R.Civ.P. 12(d); Kurdyla v. Pinkerton Sec., 197 F.R.D. 128, 131 (D.N.J.2000)). The court should not convert a motion to dismiss into a motion for summary judgment when little discovery has taken place. *Id.*2010).

Plaintiff's Counsel in it's response in opposition to the instant motion improperly attached a Declaration and several exhibits which must be disregarded by this Court in deciding the instant motion. *See Declaration of David C. Ricci attached to Plaintiff's Brief in Opposition.* A number of the allegations, and documents attached to the Declaration are not directly incorporated in, nor attached to the Plaintiff's Complaint. Plaintiff, uses the declaration to re-characterize and add to the allegations of it's complaint in an attempt to provide the facts necessary to support its argument in opposition to the Defendant's Motion. Though the Courts are permitted discretion in considering matters outside of the original pleadings when deciding a motion to dismiss, the Court must disregard the Plaintiff's Declaration and exhibits in review of the instant motion as the materials were not part of Plaintiff's original pleading.

**B.     Defendant, GPB Cars 12, LLC Did Not Materially Breach The Arbitration Agreement And The Matter Must Be Compelled To Arbitration**

The Plaintiff in its brief in opposition to the motion to dismiss asserts that GPB Cars violated both the Federal Arbitration Act and principles of New Jersey contract law, rendering the Arbitration Agreement in the Retail order unenforceable. The Plaintiff's argument is flawed as every case relied

upon by the Plaintiff is factually distinguishable from the instant matter and thus irrelevant to this Court's decision to enforce the arbitration agreement.

Plaintiff, in its opposition most heavily relies on the New Jersey Supreme Court case, Roach v. BM Motoring, LLC, 155 A.3d 985, 987 (2017). Plaintiff asserts that this Court should come to the same conclusion as the Court in *Roach* solely because the cases share the common thread that the Defendant failed to advance the cost of arbitration, and thus breached the arbitration agreement rendering it unenforceable. The analysis of the New Jersey Supreme Court was decided on more than the mere fact that the defendant failed to advance the cost of arbitration. The court applied principles of New Jersey contract law, specifically examining what constitutes material breach of an arbitration agreement. Roach, 155 A.3d at 178-181. In doing so the court applied the facts of *Roach* to the material breach criteria set forth in Section 241 of the *Restatement (Second) of Contracts* (1981)[1]. *Id.* Specifically, the *Roach* court focused on the element

---

[1]To determine if a breach is material, we adopt the flexible criteria set forth in Section 241 of the *Restatement (Second) of Contracts* *175 (1981) (*Restatement (Second)* ).[3] Thus, we must consider:
(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

of good faith and fair dealing. *Id.* In rendering its decision which found the defendant in breach of the arbitration agreement, the court was troubled by the defendant's failure to advance the costs of arbitration. *Id.* The court was not troubled merely by the fact that the defendant did not advance the costs of arbitration, but rather the court was concerned with the defendant's refusal to respond even though the defendant was aware of the demand. *Id.* The court was concerned by the *Roach* defendant's lack of good faith and fair dealing as the defendant could have responded to the arbitration demand or at least contacted the Plaintiff after receiving the arbitration demand, rather than waiting for the Plaintiff to file suit before it raised its challenge to the Plaintiff's choice of forum. *Id.*

The instant case is distinguishable from *Roach* in that GPB Cars acted with good faith and fair dealing with regard to the arbitration agreement and Plaintiff. Here, as made clear in GPB Cars' brief in support of its motion to dismiss and attached affidavit, GPB Cars was unaware of the plaintiff's arbitration demand as it was never received at GPB Cars' service address, which plaintiff admittedly was aware of but disregarded. *See Plaintiff's brief*

---

(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; [and] *(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.*

Roach v. BM Motoring, LLC, 155 A.3d 985, 991–92 (2017)

*in opposition at 21.*[2] Moreover, the check which Plaintiff purports provides evidence of defendant's knowledge of the arbitration demand, was sent not in response to any arbitration demand, but the cancellation of the Tire and Wheel Plan performed by plaintiff at the dealership on May 15, 2018. *See Plaintiff's complaint* ¶51. GPB Cars has acted in good faith from the moment it became a aware of Plaintiff's arbitration demand by taking the steps necessary to open the AAA arbitration, and filing the instant motion to move this matter there.

The facts which establish GPB Cars' good faith and distinguish the instant case from *Roach* can be applied to the other cases cited by the Plaintiff in which the deciding courts found the defendant's failure to advance the cost of arbitration prevented it from compelling arbitration at a later time. In, Brown v. Dillard's, Inc., 430 F.3d 1004 (9th Cir. 2005), the Defendant lacked good faith and fair dealing in that it admitted to being aware of the plaintiff's arbitration demand after a phone call with Plaintiff, and continued to ignore the demand until suit was filed. Brown, 430 at 1009. In, Sink v. Aden Enterprises, Inc., 352 F.3d 1197 (9th Cir. 2003), the Defendant lacked good faith and fair dealing in that it did not advance arbitration fees as described in

---

[2] It should also be noted that the Exhibit A to the improperly attached declaration of Ricci, contains Defendant's service address, which it seems Plaintiff's counsel chose not serve though it had not received any response to communications it purportedly sent to Defendant's dealership address.

the agreement even after being aware of the arbitration as it was ordered by the court. Sink, 325 at 1198. Finally, in Pre-Paid Legal Servs., Inc. v. Cahill, 786 F.3d 1287 (10th Cir. 2015), a case similar to *Sink,* the Defendant lacked good faith and fair dealing in that he did not advance his share arbitration fees as described in the agreement even after the court compelled arbitration. In all the aforementioned cases the court found the defendant's in breach of the arbitration agreements because the defendant willfully refused to participate in the arbitration after having knowledge of it. In the instant case, as noted *ad nausem*, GPB Cars did not have knowledge of the Plaintiff's arbitration demand until it became aware of the instant suit. GPB cars could not willfully refuse to participate in an arbitration, when it had no idea that Plaintiff sought arbitration or had sent a demand for such.

If GPB Cars had received the Plaintiff's arbitration demand and subsequent correspondence from the AAA, and thereafter willfully refused to acknowledged the demand it would have breached the arbitration agreement, however that is not what occurred. At most, arbitration correspondence sent to GPB Cars business address was lost due to a clerical error by the employee handling the mail intake, the actions of GPB Cars do not rise to willful refusal to arbitrate, and thus breach of the agreement. GPB Cars has acted in accordance with the arbitration agreement to the extent it was aware of

Plaintiff's arbitration demand.  Accordingly, the Court should find that GPB

Cars has not breached the arbitration agreement and enforce the agreement by

dismissing the instant action and compelling the parties to arbitration.

### III.   CONCLUSION

For the foregoing reasons, Defendant, GPB Cars 12, LLC, respectfully

requests this Court grant its Motion to Dismiss Plaintiff's claims against GPB

Cars 12, LLC with prejudice, and refer this matter to arbitration.


**MINTZER, SAROWITZ, ZERIS, LEDVA
& MEYERS, LLP**


BY: _____

           JEFFREY C. SOTLAND, ESQUIRE

Dated: September 30, 2019    Attorney for Defendant,  GPB CARS 12, LLC d/b/a
           NORTH PLAINFIELD NISSAN
           2070 Springdale Road, Suite 400
           Cherry Hill, New Jersey 08003
           (856) 616-0700